UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                          :

UNITED STATES OF AMERICA,          :

                                          :        05 Cr. 1268 (GEL)

        -v-                                  :

                                          :        **OPINION AND ORDER**

JOLADE DANKWAH,                     :

                     Defendant.         :

                                          :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

        Jolade Dankwah, a federal prisoner serving a 60-month sentence for conspiracy to import a controlled substance into the United States, moves pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c) for a reduction in her sentence as a result of the Sentencing Commission's recent decision to reduce the sentencing guideline recommendations for offenses involving crack cocaine, and to make that reduction retroactive to affect previously sentenced prisoners. The motion will be denied.

        Because the amendments in question do not take effect until March 3, 2008, the motion is premature. If the amendments had any conceivable potential to affect Dankwah's sentence, the Court would simply defer decision on the motion until the amendments come into force.

        However, the amendments in question are inapplicable to Dankwah's case, for two separate reasons. First, the guidelines had no effect on Dankwah's sentence. Although the guideline recommendation, as calculated at the time of her sentence, suggested a sentence of 57-71 months, Dankwah received a sentence of 60 months, the mandatory minimum sentence for the offense to which she pled guilty, based on the nature and quantity of the controlled substance that she admitted to importing at the time of her guilty plea. 21 U.S.C. §§ 841(b)(1)(B), 846.

Thus, a reduction in the guidelines could not affect her sentence.

Second, Dankwah was convicted of importing heroin. The guideline amendments in question concern offenses involving cocaine base, commonly known as crack. Thus, no change in the guidelines, retroactive or otherwise, applies to her case.

When the relevant amendments become effective, the courts will have to address complex questions about the procedure to be followed in deciding motions for sentence reduction in cases to which the retroactive amendments are prima facie applicable, including whether to take action on the Court's own motion (as permitted by § 3582(c)(2)), whether to appoint counsel, and whether or under what circumstances action on such a motion constitutes a full re-sentencing notwithstanding the Sentencing Commission's pronouncement that it does not. See U.S.S.G. § 1B1.10(a)(3). Whatever the answers to these questions, however, there can be no doubt about a sentencing court's power to deny summarily a motion that the records of the case conclusively demonstrate must be denied because the statute permitting sentence reduction and the retroactive guideline amendments have no application whatsoever. Compare Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (permitting judge to deny motion to vacate sentence where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief").

Accordingly, for the reasons stated, the motion is denied.

SO ORDERED.

Dated:  New York, New York
        December 14, 2007

GERARD E. LYNCH
United States District Judge